UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DAVIN WILLIE FLORES, JR.,

    Plaintiff,

v.

E. MURPHY, et al.,

    Defendants.

Case No. 21-cv-07851-VKD

**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A(A); GRANTING LEAVE TO AMEND**

Pro se plaintiff Davin Willie Flores, Jr., a state prisoner, filed this civil rights action against defendants "Classification Sergeant" E. Murphy, "Classification" Deputy E. Arteaga, and "West County and Martinez Detention facility medical staff" based on their actions while Mr. Flores was housed at the Martinez Detention Facility ("MDF"). Dkt. No. 1. The Court granted Mr. Flores's request to proceed *in forma pauperis*. Dkt. No. 11.

I.     **STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  DISCUSSION

### A.  Plaintiff's Claims

Mr. Flores alleges that he suffered a gunshot wound to his right knee and has required crutches since May 2021. Dkt. No. 1 at 3. He says that on September 7, 2021, following an altercation with another inmate, he was housed in "D module B Side" at MDF. *Id.* He says that D module has no "handicap accessibility," including no ramps. *Id.* Mr. Flores says that because of the lack of accessibility he almost fell when trying to take a shower. *Id.* In addition, he says that his knee has been getting worse every day since he was moved to D module, and he twice had to have fluid removed from his knee joints. *Id.* Mr. Flores claims that he is unlawfully housed in a unit that he cannot safely navigate due to his physical disabilities. *Id.* Mr. Flores seeks declaratory relief, injunctive relief, and damages. *Id.*

#### 1.  Eighth Amendment

Liberally construing Mr. Flores's complaint, the Court understands that he wishes to state a claim under the Eighth Amendment for unsafe conditions of confinement. The Eighth Amendment imposes a duty on state prison officials to provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official acted with "deliberate indifference," *id.* Furthermore, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Here, Mr. Flores's allegations are insufficient to state an Eighth Amendment claim because they do not show or permit the Court to infer that a named defendant acted with deliberate indifference because the defendant knew of and disregarded an excessive risk to Mr. Flores's safety. *See Farmer*, 511 U.S. at 834, 837. With respect to defendants Murphy and Arteaga, Mr. Flores does not explain their involvement with his placement in D module or describe what makes them responsible for subjecting him to unsafe conditions. In fact, Mr. Flores's statement of claim does not mention either defendant at all. Dkt. No. 1 at 2-3. Mr. Flores cannot state an Eighth Amendment claim against the "medical staff" as a whole. He must connect the alleged Eighth Amendment deprivation with specific medical staff member(s) and describe each person's conduct or role in the deprivation.

Mr. Flores may amend his complaint to attempt to state sufficient facts to support a claim that defendants Murphy, Arteaga, and specifically-identified medical staff are responsible for violating his right to safe conditions under the Eighth Amendment.

### 2.   Americans with Disabilities Act

Mr. Flores may be able to state a claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a disability." 42 U.S.C. § 12132. In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment." *Id.* § 12102(1). For purposes of § 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The elements of a claim for relief under Title II are that: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of

3

some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *cf. Olmstead v. Zimring*, 527 U.S. 581, 589-91 (1999) (essentially same showing required to state cause of action under Section 504 of the Rehabilitation Act).

If Mr. Flores intends to plead a claim for violation of the ADA, he must allege sufficient facts as to each of the elements described above against the responsible "public entity." "Public entity" includes any state or local government or any department, agency, special purpose district or other instrumentality of a state or states or local government. *See* 42 U.S.C. § 12131(1)(A) & (B). It includes state correctional facilities, *see Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Armstrong v. Wilson*, 124 F.3d 1019, 1025 (9th Cir. 1997), and local law enforcement agencies, *see Lee v. Cnty. of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001)). Here, the MDF is a detention facility operated by Contra Costa County.

Mr. Flores may amend his complaint to include an ADA claim by setting forth sufficient allegations as all necessary elements and by naming the appropriate defendant or defendants.

### III.   CONCLUSION

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that the complaint as pled fails to state a claim as to all named defendants. Mr. Flores may file an amended complaint to attempt to correct the deficiencies discussed above by no later than **March 25, 2022**. The amended complaint must include the caption and civil case number used in this order, Case No. C 21-cv-07851 VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Flores must answer all the questions on the form in order for the action to proceed.

Mr. Flores is advised that the amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik*

4

1  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2      If Mr. Flores fails to file an amended complaint in time, or the amended complaint fails to
3  cure all defects described above, the Court may issue an order reassigning the case to a district
4  judge with a recommendation that the complaint be dismissed for failure to state a cognizable
5  claim.

6      The Clerk of the Court shall include two copies of the Court's form complaint with a copy
7  of this order to Mr. Flores.

8  **IT IS SO ORDERED.**

9  Dated: February 14, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge